IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE – WESTERN DIVISION

| | |
|---|---|
| THE FARM AND INDUSTRIAL SUPPLY COMPANY, INC. PROFIT SHARING PLAN AND 401(k) PLAN, in their own right and by and through their fiduciary RICHARD L. CRAWFORD; THE GDI 401(k) PLAN, in its own right and by and through its Trustee JOHN HART, on behalf of the plans and their plan participants, and on behalf of all similarly situated retirement and investment plans and their plan participants,<br><br>Plaintiffs,<br>v.<br><br>FIRST MERCANTILE TRUST COMPANY, et al.<br><br>Defendants. | No. 02-2946-M/A |

## ORDER AND FINAL JUDGMENT

WHEREAS, On the 14th day of August, 2003, a hearing was held before this Court to determine: (1) whether, pursuant to Rule 23(e), Federal Rules of Civil Procedure, the terms and conditions of the Stipulation of Settlement[1] dated May 8, 2003, as amended by Order of this Court dated May 27, 2003, are fair, reasonable and adequate for the settlement of the Amended Complaint filed in this Court on January 22, 2003 under the above caption, including the release of Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of Defendants

---

[1] Capitalized terms not explicitly defined herein are as defined in the Amended Stipulation of Settlement.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9/23/03

as against all persons or entities who are members of the Settlement Class; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement Consideration among the members of the Settlement Class; (4) whether the Settlement Class provisionally certified in this Court's Order of May 14, 2003, meets the prerequisites of Rule 23(a) and Rule 23(b)(2), Fed. R, Civ. P., and should therefore be finally certified; (5) whether the notice of settlement disseminated to members of the Settlement Class on May 29, 2003, meets the requirements of Fed. R. Civ. P. 23(c)(2) and due process; and (6) whether and in what amount to award Plaintiffs' counsel fees and reimbursement of expenses.;

WHEREAS, in response to concerns raised by certain Settlement Class members and the Court during the August 14, 2003 hearing, the Parties have amended the Stipulation of Settlement and related documents, and have executed and submitted such amended documents for the Court's consideration on August 18, 2003;

WHEREAS, the Court has considered all matters submitted to it at the August 14 hearing, in these amended settlement documents, and otherwise;

WHEREAS, a notice of the August 14 hearing substantially in the form approved by the Court was mailed to all members of the Settlement Class who could be identified with reasonable effort; and

WHEREAS, members of the Settlement Class that were represented by counsel at the August 14 hearing, or their counsel, have had an opportunity to review the proposed changes to the settlement reflected in the amended settlement documents filed with the Court on August 18, 2003;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   This Court has jurisdiction over the subject matter of this Action, the Plaintiffs, all members of the Settlement Class, and the Defendants.

2. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of a class including: (a) all employee benefit plans covered under Title I of the Employee Retirement Income Security Act of 1974, as amended, or qualified under Section 401(a) of the Internal Revenue Code, that during any part of the period May 1, 1998 to March 28, 2003, participated in the Premier Trust Investment Fund for Qualified Employee Benefit Plans or the Select Trust Investment Fund for Qualified Employee Benefit Plans (the "Participating Plans"); and (b) the sponsors, trustees, and other fiduciaries of any Participating Plan, acting on behalf of themselves, on behalf of the Participating Plans for which they serve as sponsors, trustees and other fiduciaries, and on behalf of the participants and beneficiaries of such plans (the "Co-Fiduciaries"); but excluding (c) the Defendants, Participating Plans sponsored by any of the Defendants, and the sponsors, trustees, and other fiduciaries of such plans. This class is hereinafter referred to as the "Class" or the "Settlement Class."

3. With respect to the Settlement Class, this Court finds and concludes pursuant to Rule 23(a), Fed. R. Civ. P, that (a) the members of the Class are so numerous that joinder of all members in this action would be impracticable; (b) there are questions of law and fact common to the members of the Class which predominate over any individual questions; (c) the claims of the representative plaintiffs are typical of the claims of Settlement Class members; and (d) the representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the members of the Settlement Class.

4. The Court also finds that the Settlement Class is properly certified under Rule 23(b)(2), Fed. R. Civ. P. In reaching this determination, the Court makes the following findings:

3

a. This lawsuit involved allegations that the Defendants acted on grounds generally applicable to the entire class, i.e. that FMT charged unauthorized and undisclosed fees to all Participating Plans equal to a fixed percentage of each Plan's assets with FMT.

b. The Amended Complaint in this case sought a range of predominantly equitable relief, including rescission of the Plaintiff Class' investment contracts with FMT; restitution and disgorgement of funds transferred by members of the Class to FMT; a declaration that agreements Defendants claimed to have ratified allegedly improper FMT fees were null and void; and an injunction against future improper fees.

c. The relief provided for in the settlement is equitable in nature, and corresponds to the allegations in the Amended Complaint. The cash and fee discounts provided in the settlement equal approximately $18 million and are designed to disgorge from the Defendants and to restore to Participating Plans the Trustee fees that FMT is alleged to have improperly overcharged Participating Plans. Likewise, the injunctive relief in this settlement is clearly equitable in nature and confers significant value on the Class.

d. The calculation of each Participating Plan's fee overcharges and, therefore, each Plan's share of the settlement fund can be achieved without extensive individualized inquiries. This calculation requires only the application of a few simple arithmetic formulas, which are set forth in the Revised Plan of Allocation. It does not require evaluation of the individual circumstances of each

Class member in order to determine the amount of the settlement to which each member is entitled.

5. Notice of the pendency of this Action as a class action and of the proposed settlement was given to all members of the Settlement Class who could be identified with reasonable effort. This Court has also approved the supplemental notice to certain members of the Settlement Class notifying them of changes to the settlement reflected in the amended settlement papers that were executed and filed with the Court on August 18, 2003. The form and method of notifying the Class of the pendency of the Action as a class action and of the settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled thereto.

6. The August 18, 2003 Amended Stipulation of Settlement is approved as fair, reasonable, and adequate. The members of the Settlement Class and the Parties are directed to consummate the Amended Stipulation of Settlement in accordance with its terms and provisions, including the following:

7. In accordance with the terms of the Settlement, and as otherwise agreed by the parties, the Defendant First Mercantile Trust Co. ("FMT") shall undertake to do the following:

> a. No later than 30 days after the Effective Date of the settlement, FMT shall create within its corporate ranks, and appoint a person to, the position of ERISA Compliance Officer ("ECO"). The ECO shall have the responsibility of overseeing and ensuring FMT's

compliance with the Employee Retirement Income Security Act of 1974, as amended. The ECO shall, in addition to exercising regular oversight of FMT's operations for this purpose, make annual reports to FMT's Board of Directors on the state of FMT's compliance with ERISA. The ECO additionally shall have both the authority and the responsibility to, as the ECO deems appropriate, communicate and consult directly with FMT's Board of Directors or a subcommittee thereof established for that purpose, FMT's outside ERISA counsel, the outside auditors who audit the FMT collective investment trusts, and the NCFC executive with authority over FMT (currently David Popwell). For any purpose necessary to the fulfillment of the ECO's responsibility, as the ECO deems appropriate, the ECO has the authority independent of FMT management to task FMT's outside ERISA counsel and the outside auditors who audit the investment plans. The role, authority and responsibilities of the ECO shall be set forth in a written description approved by FMT's outside ERISA counsel and developed in consultation with counsel for the Settlement Class.

b. No later than 120 days after the Effective Date of the Settlement, FMT shall complete a review of, and if necessary undertake to modify, its disclosure documents, trust documents, and promotional materials in order to ensure the complete transparency of its fee charges in the future. This review shall be undertaken in consultation with counsel for the Settlement Class and any revised

documents shall be approved by FMT's outside ERISA counsel.

c. No later than 120 days after the Effective Date of the Settlement, FMT shall develop and both (i) make available on its website; and (ii) include with annual statements to the sponsors of its plan customers a detailed, easy-to-understand description of the fees that FMT is charging against that customer's plan assets. The description shall include, for each fee charged, the amount of the fee, in both dollar terms and as a percentage of plan assets, and the services for which the fee is being charged. The fee description shall also disclose to FMT's plan customers their right to seek and obtain from FMT additional fee information on both a current year and historical basis extending back to the date of the Effective Date of the Settlement. This fee description shall be developed by FMT in consultation with Settlement Class counsel and shall be approved by FMT's outside ERISA counsel.

d. In order to ensure that the Fee Discounts are provided consistent with the terms of the Settlement, within two (2) months following the end of each twelve (12) month period of the Discount Period, FMT shall complete an accounting of the payment of the Fee Discounts to the Participating Plans during such period. A report of this accounting shall be provided to Settlement Class counsel. Settlement Class counsel may, within 45 days of receipt of the report, request additional information from FMT concerning the amount and allocation of Fee Discounts during the accounting

period, and the Parties shall cooperate in good faith with respect to any such request. Any disputes concerning the payment of the Fee Discounts shall be resolved by this Court.

    e.    In order to ensure that fees are properly being charged against the assets of the Participating Plans, within six (6) months following the end of each twelve (12) month period of the Discount Period, the outside auditors who audit FMT's collective investment trusts, in conjunction with FMT's outside ERISA counsel, shall complete an audit of all fees charged against the assets of each of the Participating Plans by FMT. A report of this audit shall be provided to Settlement Class counsel and shall be made available to the Participating Plans. Settlement Class counsel may, within 45 days of receipt of the report, request additional information from FMT concerning the report, and the Parties shall cooperate in good faith with respect to any such request. Any disputes concerning the payment of fees charged against the assets of the Participating Plans by FMT shall be resolved by this Court.

8.    The Complaint, as amended, is hereby dismissed with prejudice and without costs.

9.    The Settlement Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent (which in the case of any trustee or fiduciary of a Participating Plan, includes the Participating Plan and the participants and beneficiaries of such plan), hereby, with respect to each and every Settled Claim (as defined

8

below in paragraph 10), releases and forever discharges, and forever covenants not to sue with respect to any Settled Claims against the Released Parties (as defined below in paragraph 12).

10. "Settled Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below in paragraph 11), that have been or could have been asserted in any forum by Plaintiffs and/or the Settlement Class, or any of them, against any of the Released Parties, which arise out of or relate in any way to the allegations, transactions, fees, expenses, facts, matters, occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Class Action Complaint filed December 10, 2002, and amended January 22, 2003.

11. "Unknown Claims" means any and all claims which any Plaintiff or member of the Settlement Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that Plaintiffs shall, by operation of the Order and Final Judgment, have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and members of the Settlement Class by operation of law shall be deemed to have acknowledged that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

12. "Released Parties" means Defendants and any person, firm, company, trust, corporation, or entity in which any Defendant has a controlling interest, and each of their past, present and future corporate parents (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, employees, representatives, agents, solicitors, attorneys, heirs, investment advisors, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf or at the direction of any of them.

13. In addition to the foregoing release, the Court, at the request of the Co-Fiduciaries appearing at the hearing, has determined to enter the following additional release: Co-Fiduciaries shall have no liability to the Participating Plan, or to each other, for any claims relating to the Settled Claims, and the Participating Plans and anyone acting on their behalf shall be barred from bringing any action, suit, arbitration or other proceeding asserting any such co-fiduciary claims. In deciding to approve the foregoing limitation on co-fiduciary liability, the Court has determined: (i) that a condition of the settlement demanded by the Defendants is that they receive a release from the Co-Fiduciaries; (ii) that in the absence of the foregoing limitation on co-fiduciary liability, the Co-Fiduciaries would retain exposure for claims arising out of the wrongdoing alleged against the defendants in the complaint but would have no claim over against the defendants because of the release demanded by the defendants; (iii) that mutual releases by all parties is a customary term of settlements of complex litigation such as the instant action; (iv) that in participating in this lawsuit and accepting this settlement on behalf of the

Participating Plans, the Co-Fiduciaries, as members of the Settlement Class in this case, have taken reasonable steps, consistent with Section 405(a)(3) of ERISA, to remedy the breaches of fiduciary duty alleged in the Amended Complaint against the defendants; (v) the settlement confers valuable consideration on Participating Plans and is in their best interest; and (vi) the limitation on co-fiduciary liability is reasonable given the release by the Co-Fiduciaries of the Released Parties.

14.   Nothing contained in the Amended Stipulation of Settlement or in other agreements executed in connection with the Settlement or this Judgment shall be construed as an admission (a) by any Defendant of any alleged liability, fault or wrongdoing whatsoever, or (b) by any member of the Settlement Class that their claims are without merit or lack validity.

15.   The Revised Plan of Allocation, filed with this Court on August 18, 2003, is approved as fair and reasonable, and Plaintiffs' counsel are directed to administer the Amended Stipulation of Settlement in accordance with its terms and provisions.

16.   Plaintiffs' counsel are hereby awarded fees in the amount of $5,039,375, and expenses in the amount of $117,435.84, both of which the Court finds to be fair and reasonable. These fees and expenses are to be paid out of the Settlement Consideration, in the manner set forth in Plaintiffs' Application for an Award of Attorneys' Fees and Reimbursement of Expenses of Settlement Class Counsel, or as otherwise agreed to by the Parties.

17. Exclusive jurisdiction is hereby retained over the parties and the members of the Settlement Class for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Amended Stipulation of Settlement and this Order and Final Judgment.

SO ORDERED.

Dated:    Memphis, Tennessee

This 22 day of Sept. 2003

_____
The Honorable Jon P. McCalla
United States District Court Judge

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 119 in case 2:02-CV-02946 was distributed by fax, mail, or direct printing on September 23, 2003 to the parties listed.

---

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

William F. Burns
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

R. Douglas Hanson
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Graeme W. Bush
ZUCHERMAN SPAEDER LLP
1201 Connecticut Avenue, N.W.
Suite 1200
Washington, DC 20036

Frank J. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

R. Grattan Brown
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Saul C. Belz
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

David L White
SLETTO & ASSOCIATES
2600 Eagan Woods Dr.
Suite 450
Eagan, MN 55121

Mark A Sletto
SLETTO & ASSOCIATES
2600 Eagan Woods Dr.
Suite 450
Eagan, MN 55121

Sylvia King Kochler
HUNTON & WILLIAMS
Bank of America Plaz
600 Peachtree Street, N.E.
Ste. 4100
Atlanta, GA 30308

Benjamin F. Johnson
HUNTON & WILLIAMS
Bank of America Plaz
600 Peachtree Street, N.E.
Ste. 4100
Atlanta, GA 30308

Katherine P. Chiarello
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, DC 20005

John K. Villa
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, DC 20005

Steven M. Farina
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, DC 20005

Matthew J. Herrington
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, DC 20005

J. Russell McWilliams
THE BELMONT GROUP
2911 Turtle Creek Blvd.
Ste. 500
Dallas, TX 75219

Tu M. Pham
U. S. Magistrate Judge
167 N. Main St., Room 934
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT